UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT ANTHONY TORRES, CDCR #AP-3210,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>A. JORRIN; E. LARIOS, Correctional Officer; M. MORALES, Correctional Officer; A. LAROCOO, Correctional Officer; J. SANCHEZ, Correctional Officer,<br><br>　　　　　　　　　　Defendants. | Case No.:  3:20-cv-00891-AJB-BLM<br><br>**ORDER**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2);**<br><br>**2) DISMISSING CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b);**<br><br>**AND**<br><br>**3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

　　　　Gilbert Anthony Torres ("Plaintiff"), incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, has filed a pro se civil rights Complaint pursuant 42 U.S.C. Section 1983.  (*See* ECF No. 1, Compl.)  Plaintiff claims that five correctional officers severely beat him without any justification.  (*See id.* at 3.)

Plaintiff also claims that one of the correctional officers should be held liable for the disappearance of some of Plaintiff's personal property. (*See id.* at 10.)

Plaintiff did not prepay the $400 civil filing fee required by 28 U.S.C. Section 1914(a) at the time of filing and has instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. Section 1915(a). (*See* ECF No. 2.)

## I. Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. Section 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account activity, as well as the attached prison certificate verifying his available balances. (*See* ECF No. 2, at 2-3; ECF No. 3, at 1, 3.) These documents show that although he carried an average monthly balance of $7.21 and had $6.24 in average monthly deposits to his trust account for the six months preceding the filing of this action, Plaintiff had an available balance of just $0.14 at the time of filing.[2] (*See* ECF No. 3, at 1, 3.)

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and declines to impose a partial filing fee pursuant to 28 U.S.C. Section 1915(b)(1) because his prison certificate indicates he may currently have "no means to pay it." *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Instead, the Court directs the Secretary of the CDCR, or his designee, to collect the entire $350 balance of the filing

---

[2] Approximately two months after filing his Complaint, Plaintiff filed another trust account statement, this one reflecting the six-month period preceding June 19, 2020. (*See* ECF No. 6.) This submission was unnecessary, but shows that as of June 19, 2020, Plaintiff still had an available balance of just $0.14. (*See id.* at 7.)

fees required by 28 U.S.C. Section 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. Section1915(b)(1).

**II.    Sua Sponte Screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b)**

A. <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for

relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Factual Allegations

Plaintiff alleges that on March 31, 2020 he was attacked by Defendants Jorrin, Sanchez, Morales, Larios, and Larocoo, all of whom are correctional officers at RJD. (*See* Compl. at 3, 5-8.) Although Plaintiff does not describe the events leading up to the alleged assault in great detail, he does allege that he was attacked after he "need[ed] to go [m]an down for back pain." (*See id.* at 3.) Defendants claim that Plaintiff "got violent," but Plaintiff alleges that Defendants "are the one[s] that are violent in this case" and that the assault happened "for no reason." (*Id.* at 3, 5.)

During the incident, Plaintiff alleges that Defendant Sanchez pepper sprayed Plaintiff's eyes, Defendant Larios hit Plaintiff's right eye, Defendants Morales and Larocoo hit Plaintiff in the face or back with their batons, and Defendant Jorrin rammed Plaintiff's head into the wall. (*See id.* at 3, 5.) Plaintiff alleges that he was knocked out by the blows to the head, which broke his nose and injured his eyes, and that while he was on the floor Defendants continued to hit his face and legs with their boots, fists, and batons, breaking a bone in Plaintiff's foot in the process. (*See id.* at 3.) Plaintiff, who has a learning disability and uses a walker, was then placed in hand and ankle cuffs, even though Plaintiff is "suppose[d] to be in waist chain[s] due to [him] [using] a walker." (*Id.* at 5-6.) Defendants also placed a bag over Plaintiff's face and carried him out of the unit, ramming him against the wall, before placing him in a holding cage in the yard. (*See id.*)

Plaintiff was rushed to the hospital where he was given a CT scan and x-rays that revealed the broken bone in Plaintiff's right foot. (*See id.* at 6.) Plaintiff also experiences lingering pain in his back, and was prescribed muscle relaxers, although not the pain medication he claims he "should [have] be[en] given . . . ." (*See id.* at 6-7.)

Although Plaintiff also asserts that he has received inadequate medical care and that "it seem[s] like Medical Staff is just [sic] don't care if I'm in pain . . . ," he does not name any medical staff as Defendants or allege any causes of action for failure to provide adequate medical care. (*See id.* at 7.)

After he was discharged from the hospital, Plaintiff was placed in administrative segregation. (*See id.*) He claims that while he was there Defendant Sanchez and a non-party, C. Angon, packed up Plaintiff's personal belongings, including a law book, CD player, shoes, soap dish, toothpaste, personal and legal papers, and a Spanish dictionary. (*See id.* at 10.) Although it is somewhat unclear, Plaintiff appears to allege that these items were stolen or disposed of, because Plaintiff later reported that these items were missing. (*See id.*) Plaintiff also refers to an inventory sheet he received from Defendant Sanchez but does not explain what it said or its significance to this claim. (*See id.*)

Plaintiff alleges that Defendants are liable for using excessive force and that Defendant Sanchez is liable for his lost property. (*See id.* at 3, 10.) Defendants Larios, Morales, and Sanchez are sued in their individual capacities, while Defendant Larocoo is sued in his individual and official capacities. (*See id.* at 2.) The Complaint does not identify whether Defendant Jorrin is sued in his individual and/or official capacities. (*See id.*) In addition to seeking damages, Plaintiff seeks an injunction preventing "pain and suffering." (*See id.* at 12.)

C. Analysis

To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

1. Property Claim

Plaintiff alleges that Defendant Sanchez is liable for the disappearance of certain personal property that went missing or was stolen while Plaintiff was in administrative

segregation. (*See* Compl. at 10.)

Ordinarily, due process requires notice and an opportunity for some kind of hearing before Plaintiff can be deprived of a significant property interest. *See Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1405 (9th Cir. 1989), *overruled on other grounds by Armendariz v. Penman*, 75 F.3d 1311, 1324-25 (9th Cir. 1996). "Neither the negligent nor intentional deprivation of property states a due process claim under [S]ection 1983 if the deprivation was random and unauthorized, however." *Elzy v. Duran*, No. 3:20-cv-0545-JAH (BLM), 2020 WL 3034796, at *4 (S.D. Cal. June 4, 2020) (collecting cases). When a state provides an adequate post-deprivation remedy, through a state tort action for example, the existence of that remedy satisfies the requirements of due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) ("In some circumstances, however, the Court has held that a statutory provision for a post deprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process." (citations omitted)). As the Ninth Circuit has recognized, California law provides such an adequate remedy. *See Barrett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Even with the benefit of the liberal construction due to pro se complaints, Plaintiff fails to allege an actionable deprivation of due process stemming from the disappearance of this property. *See Elzy*, 2020 WL 3034796, at *5 (allegation that correctional officer stole plaintiff's personal property while plaintiff was in administrative segregation failed to state a claim). "Thus, because Plaintiff claims [Sanchez] wrongfully deprived him of personal property, any remedy he may have lies in state court and his federal claim must be dismissed for failing to state a claim upon which § 1983 relief may be granted." *Id.* (citing 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126-27). As a result, this claim is dismissed sua sponte for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

    a. <u>Excessive Force</u>

As to Plaintiff's excessive force allegations against Defendants, however, the

1  Court finds his Complaint contains plausible allegations sufficient to survive the "low
2  threshold" set for sua sponte screening as required by 28 U.S.C. Sections 1915(e)(2) and
3  1915A(b).  *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Hudson v. McMillian*,
4  503 U.S. 1, 5, (1992) (unnecessary and wanton infliction of pain violates the Cruel and
5  Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34,
6  37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the
7  issue is "whether force was applied in a good-faith effort to maintain or restore discipline,
8  or maliciously and sadistically to cause harm.") (citing *Hudson*, 503 U.S. at 7).

## III. Conclusion and Orders

For the reasons discussed, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001;

4) **DISMISSES** Plaintiff's property claim against Defendants Sanchez in its entirety sua sponte for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b);

5) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of the Defendants.  In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that

he may serve the Defendants.  Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, *include an address where these Defendants may be served*, *see* S.D. Cal. Civ. L.R. 4.1.c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

6) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285 provided to him.  All costs of that service will be advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

7) **ORDERS** the Defendants, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

8) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b).  Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on the Defendants or their counsel, and the date of that service.  *See* S.D. Cal. Civ. L.R. 5.2.  Any document received by the Court which has not been properly filed

///

///

with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated: July 9, 2020

Hon. Anthony J. Battaglia
United States District Judge