1
2
3
4
5
6
7
8         UNITED STATES DISTRICT COURT
9         SOUTHERN DISTRICT OF CALIFORNIA
10
11   GILBERT ANTHONY TORRES, CDCR #AP-3210,                    Case No.:  20cv891-AJB(BLM)
12
                                    Plaintiff,        **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**
13   v.
14                                                    **[ECF No. 10]**
     A. JORRIN; E. LARIOS, Correctional Officer;
15   M. MORALES, Correctional Officer; A.
     LAROCOO, Correctional Officer; J. SANCHEZ,
16   Correctional Officer,
17
                                    Defendants.
18
19
20       On June 25, 2020, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*,
21   submitted a Motion for Appointment of Counsel that was received on July 17, 2020.  ECF Nos.
22   9 and 10; see also ECF No. 7 (order granting motion to proceed *in forma pauperis*).  Having
23   considered Plaintiff's Motion and the applicable law, the Motion is **DENIED** for the reasons set
24   forth below.
25                                  **LEGAL STANDARD**
26       The Constitution provides no right to appointment of counsel in a civil case unless an
27   indigent litigant may lose his physical liberty if he loses the litigation.  Lassiter v. Dep't of Soc.
28   Servs., 452 U.S. 18, 25 (1981).  However, under 28 U.S.C. § 1915(e)(1), courts are granted

discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

## DISCUSSION

In support of his Motion, Plaintiff alleges that (1) his numerous claims are "legally complex" and "will turn on complex mental health and medical questions" thereby requiring extensive discovery, (2) he "is incapable of articulating those claims" due to his "learning disability" and "being developmentally disabled with low cognitive function," and (3) he may succeed on the merits of his claims with the assistance of counsel. ECF No. 10 at 2-3. These claims "are typical of almost every *pro se* prisoner civil rights plaintiff and alone" are insufficient to satisfy the "exceptional circumstances" standard required to justify appointment of counsel. Thompson v. Paramo, No. 16CV951-MMA (BGS), 2018 WL 4357993, at *1 (S.D. Cal. Sept. 13, 2018); see also Jones v. Kuppinger, 13CV451-WBS (AC), 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel.")

Thus far, Plaintiff has drafted and submitted several pleadings without the assistance of counsel. See Docket. In addition to the instant Motion, Plaintiff has submitted a Complaint [ECF No. 1], a Motion to Proceed *in forma pauperis* [ECF No. 2], a Prisoner Trust Fund Account Statement [ECF No. 3], a Notice Regarding Complaint [ECF No. 5], and a second Prisoner Trust Fund Account Statement [ECF No. 6]. From the Court's review of these documents, there is no indication that the issues are overly complex. In his Complaint, Plaintiff alleges two main claims against Defendants: 1) Excessive Force and 2) Stolen Property. See ECF No. 1 at 3-8, 10. District Judge Anthony Battaglia dismissed Plaintiff's Stolen Property claim on July 10, 2020,

ruling that "any remedy he may have lies in state court and his federal claim must be dismissed for failing to state a claim upon which § 1983 relief may be granted." ECF No. 7 at 7. With only his Excessive Force claim remaining, Plaintiff's allegations are "relatively straightforward." Harrington v. Scribner, 785 F.3d 1299, 1309 (9th Cir. 2015). Based on his filings, Plaintiff has demonstrated that, though not formally trained in law, he is capable of grasping and conveying the legal facts and issues involved in his case. See Taa v. Chase Home Fin., 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (noting that plaintiffs' lack of legal training and poverty did not constitute exceptional circumstances, as these are the types of difficulties many other litigants face in proceeding *pro se*); Wilborn, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex issues."); see also LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming a district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").

Additionally, it is clear that Plaintiff is able to articulate the claims of his case. Plaintiff asserts that due to "his learning disability" and "being developmentally disabled," "he is unable to draft motions and conduct legal research." ECF No. 10 at 3. To support his claim, Plaintiff filed a form letter, attached as "Exhibit A" to his Motion, that states that he "was assisted in writing this letter" by a librarian and that Plaintiff "is claiming a disability and requesting a reasonable accommodation under the" Americans with Disabilities Act ("ADA")[1]. Id. at 12. In

---

[1] The letter further states that "Armstrong v. Schwarzenegger and Clark v. California are federal civil rights actions brought pursuant to the" ADA. Id. at 12. The rulings in both Armstrong and Clark required California state prisons to draft and promulgate plans to achieve ADA compliance and to ensure that California prisoners with developmental disabilities were protected from serious injury and discrimination on the basis of their disability. See Armstrong v. Schwarzenegger, 622 F.3d 1058 (9th Cir. 2010); see also Clark v. California, 739 F. Supp. 2d 1168 (N.D. Cal. 1996). Though Plaintiff's letter states that he "may be unable to effectively communicate with the court or fully prosecute this action due to [his] claimed disability" [ECF No. 10 at 12], that claim is undermined by Plaintiff's filings in this case which establish his ability to both communicate with the Court and prosecute this case. Additionally, the letter merely states that Plaintiff's mental impairments are a "claimed disability" [id.] and it does not provide

1  further support, Plaintiff also filed a declaration from another inmate which states that Plaintiff

2  is a participant in the Enhanced Outpatient Program ("EOP") and Developmentally Disabled

3  Program ("DDP")[2] and that "other prisoners and library staff have been helping" Plaintiff with

4  his case.  Id. at 14.

5       Though mental disability may be grounds for appointment of counsel in some cases, there

6  must be substantial evidence of a plaintiff's incompetence.  Thompson, 2018 WL 4357993, at

7  *2; Fletcher v. Quin, No. 15CV2156-GPC (NLS), 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018)

8  (impairment must be "an incapacitating mental disability" and be supported by "substantial

9  evidence of incompetence").   "The court must be able to find a nexus between the mental

10  disorder and the plaintiff's ability to articulate his claims."  Fletcher, 2018 WL 840174, at *2; see

11  McElroy v. Cox, Civil No. 08-1221-JM (AJB), 2009 WL 4895360 at *2 (E.D. Cal. Dec. 11, 2009).

12  Here, Plaintiff has not established that his learning disabilities are incapacitating, that he is

13  incompetent, or that his learning disability or mental impairment significantly impedes his ability

14  to articulate his claims or litigate his case.   West v. Dizon, No. 12CV1293-DAD P, 2014 WL

15  114659, at *4 (E.D. Cal. Jan. 9, 2014) (denying appointment of counsel when mental disability

16  was only alleged and plaintiff submitted no evidence as to the "nature or effects" of the

17  disability).   Without more specific and current information regarding his mental impairments,

18

19

20  any information or evidence establishing the extent of Plaintiff's cognitive disabilities or their
   impact on his ability to litigate this case.  Accordingly, though this letter "satisfies the [California

21  Department of Corrections and Rehabilitation's] obligation" under Armstrong and Clark, it does
   not itself create an obligation for the Court to appoint counsel without further evidence of a

22  mental impairment.

23  [2]  The DDP was developed pursuant to the ruling in Clark, 739 F. Supp. 2d at 1182-83.  It was

24  established to "ensure the identification and appropriate classification, housing, protection, and
   nondiscrimination of inmates and parolees with developmental disabilities."  Hopkins v. Bustos,

25  No. 15CV788-JLS (PCL), 2017 WL 9565357, at *2 (S.D. Cal. Feb. 9, 2017), report and
   recommendation adopted, No. 15CV788-JLS (PCL), 2017 WL 2644668 (S.D. Cal. June 20, 2017),

26  aff'd, 785 F. App'x 379 (9th Cir. 2019).  Inmates are screened for developmental disabilities
   upon incarceration in California Department of Corrections and Rehabilitation ("CDCR")

27  institutions through a "multi-phase process and clinical judgment" to identify which inmates "fit
   the criteria for developmental disabilities."  Id. at *3.  The mere fact that Plaintiff is a participant

28  in the EOP and DDP does not mean that he is entitled to the appointment of counsel.

the Court cannot find a nexus between Plaintiff's cognitive capability and his alleged inability to articulate his claims.  See Meeks v. Nunez, No. 13CV973-GPC (BGS), 2017 WL 476425, at *3-4 (S.D. Cal. Feb. 6, 2017) (denying appointment of counsel when plaintiff submitted "Inmate Request for Assistance from the Court" asserting a mental impairment of "Schizoaffective Disorder" signed by a forensic psychologist but failed to submit actual medical records, such as a treating physician's notes); McElroy, 2009 WL 4895360, at *3.

Furthermore, Plaintiff's purported mental impairments have not prevented him from articulating the facts and circumstances relevant to his claims.  Plaintiff's reliance on another inmate for assistance in drafting this motion or other pleadings does not alter this analysis.  See Montano v. Solomon, No. 2:07-CV-0800 KJN P, 2010 WL 4137476, at *7 (E.D. Cal. Oct. 19, 2010) (denying indigent plaintiff's motion for appointment of counsel as failing to present an exceptional circumstance under 28 U.S.C. § 1915(e)(1) where "plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of this case ... as well as the matters now before the court").  Accordingly, the Court finds that Plaintiff has not established "exceptional circumstances" based on his mental status.  Fletcher, 2018 WL 840174, at *2.

Finally, while Plaintiff's Excessive Force claim survived the District Judge's initial screening, it is too early for the Court to determine Plaintiff's likelihood of success on the merits as the case currently is in the pleading stage and discovery has not opened.  Wilborn, 789 F.2d at 1331; see also Reed v. Paramo, No. 18CV361-JLS (LL), 2020 WL 2767358, at *1 (S.D. Cal. May 28, 2020) (holding that it was too early to determine plaintiff's likelihood of success on the merits as fact discovery had not been completed).  Because Plaintiff failed to establish the requisite "exceptional circumstances," it is not in the interest of justice to appoint counsel at this time.  Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED.**

Dated:  8/4/2020

Hon. Barbara L. Major
United States Magistrate Judge

20cv891-AJB(BLM)