UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT ANTHONY TORRES, CDCR #AP-3210,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>A. JORRIN; E. LARIOS, Correctional Officer; M. MORALES, Correctional Officer; A. LAROCOO, Correctional Officer; J. SANCHEZ, Correctional Officer,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 20cv891-AJB(BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 17]** |

On June 25, 2020, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, submitted a Motion for Appointment of Counsel that was received on July 17, 2020. ECF Nos. 9 and 10; see also ECF No. 7 (order granting motion to proceed *in forma pauperis*). In support of his motion, Plaintiff alleged that (1) his numerous claims are "legally complex" and "will turn on complex mental health and medical questions" thereby requiring extensive discovery, (2) he "is incapable of articulating those claims" due to his "learning disability" and "being developmentally disabled with low cognitive function," and (3) he may succeed on the merits of his claims with the assistance of counsel. ECF No. 10 at 2-3. The Court denied Plaintiff's request on August 4, 2020, finding that Plaintiff failed to establish the requisite "exceptional

circumstances" to justify the appointment of counsel. ECF No. 11.

On September 10, 2020, Plaintiff submitted a Motion for a New Determination Appointing Counsel that was accepted on discrepancy on September 15, 2020. ECF Nos. 16 and 17. Having considered Plaintiff's motion and the applicable law, the motion is **DENIED** for the reasons set forth below.

## LEGAL STANDARD

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

## DISCUSSION

In support of his motion, Plaintiff alleges that (1) his "case presents the rare 'exceptional circumstances' that warrant the appointment of" counsel, (2) he "is a participant in CDCR's mental health delivery system at the 'Enhanced Outpatient ("EOP")' level of care and classified a Developmentally Disabled Prisoner ("DDP") with a learning disability and low cognitive function," (3) he has no experience in the law, and (4) he may succeed on the merits of his claims with the assistance of counsel. ECF No. 17 at 2-4. However, as previously stated by this Court, these claims "are typical of almost every *pro se* prisoner civil rights plaintiff and alone" are insufficient to satisfy the "exceptional circumstances" standard required to justify appointment of counsel. ECF No. 11 at 2 (quoting Thompson v. Paramo, No. 16CV951-MMA (BGS), 2018 WL 4357993, at *1 (S.D. Cal. Sept. 13, 2018)); see also Jones v. Kuppinger, 13CV451-WBS (AC), 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances

common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel.")

Thus far, Plaintiff has drafted and submitted several pleadings without the assistance of counsel. See Docket. In addition to the instant motion, Plaintiff has submitted a Complaint [ECF No. 1], a Motion to Proceed *in forma pauperis* [ECF No. 2], a Prisoner Trust Fund Account Statement [ECF No. 3], a Notice Regarding Complaint [ECF No. 5], a second Prisoner Trust Fund Account Statement [ECF No. 6], a Motion to Amend Complaint and Proposed Amended Complaint [ECF No. 13], and a Motion for Preliminary Injunction [ECF No. 15]. From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case and there is no indication that the issues are overly complex.

In his initial Complaint, Plaintiff alleged two main claims against Defendants: 1) Excessive Force and 2) Stolen Property. See ECF No. 1 at 3-8, 10. District Judge Anthony Battaglia dismissed Plaintiff's Stolen Property claim on July 10, 2020, ruling that "any remedy he may have lies in state court and his federal claim must be dismissed for failing to state a claim upon which § 1983 relief may be granted." ECF No. 7 at 7. In his Amended Complaint, Plaintiff alleges six main claims against Defendants: 1) Excessive Force, 2) Retaliation, 3) Assault and Battery, 4) Intentional Infliction of Emotional Distress, 5) Failure to Summon Immediate Medical Care, and 6) Interference with Constitutional Rights. ECF No 17 at 19-27. Plaintiff's allegations are "relatively straightforward." Harrington v. Scribner, 785 F.3d 1299, 1309 (9th Cir. 2015). Based on his filings, Plaintiff has demonstrated that, though not formally trained in law, he is capable of grasping and conveying the legal facts and issues involved in his case. See Taa v. Chase Home Fin., 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (noting that plaintiffs' lack of legal training and poverty did not constitute exceptional circumstances, as these are the types of difficulties many other litigants face in proceeding *pro se*); Wilborn, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex issues."); see also LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming a

district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").

Additionally, as previously found by this Court, Plaintiff can clearly set forth the claims of his case. Plaintiff asserts that he has been classified as a DDP "with a learning disability and low cognitive function, understanding and comprehension." ECF No. 17 at 5. Plaintiff contends that his disability "makes it hard for [him] to read, write, and or [] understand." Id. To support his claim, Plaintiff filed the same form letter that he filed in his first motion for appointment of counsel, attached as "Exhibit B" to his instant motion, that states that he "was assisted in writing this letter" by a librarian and that Plaintiff "is claiming a disability and requesting a reasonable accommodation under the" Americans with Disabilities Act ("ADA")[1]. Id. at 13. In further support, Plaintiff also filed a declaration from another inmate which states that Plaintiff "has a learning disability, and inter alia, has problems writing, reading, and communicating" and that the inmate used "simple language" and spoke slowly to Plaintiff. Id. at 7. Furthermore, Plaintiff filed a CDCR 128 C-2 Adaptive Support Form, attached as "Exhibit A" to his instant motion, that states that Plaintiff meets the criteria for the category "DDP1"[2] (or "DD1") and that

---

[1] The letter further states that "Armstrong v. Schwarzenegger and Clark v. California are federal civil rights actions brought pursuant to the" ADA. Id. at 12. The rulings in both Armstrong and Clark required California state prisons to draft and promulgate plans to achieve ADA compliance and to ensure that California prisoners with developmental disabilities were protected from serious injury and discrimination on the basis of their disability. See Armstrong v. Schwarzenegger, 622 F.3d 1058 (9th Cir. 2010); see also Clark v. California, 739 F. Supp. 2d 1168 (N.D. Cal. 1996). As the Court has previously held, though Plaintiff's letter states that he "may be unable to effectively communicate with the court or fully prosecute this action due to [his] claimed disability" [ECF No. 10 at 12], that claim is undermined by Plaintiff's filings in this case which establish his ability to both communicate with the Court and prosecute this case. Additionally, the letter merely states that Plaintiff's mental impairments are a "claimed disability" [id.] and it does not provide any information or evidence establishing the extent of Plaintiff's cognitive disabilities or their impact on his ability to litigate this case. Accordingly, though this letter "satisfies the [California Department of Corrections and Rehabilitation's] obligation" under Armstrong and Clark, it does not itself create an obligation for the Court to appoint counsel without further evidence of a mental impairment.

[2] The DDP was developed pursuant to the ruling in Clark, 739 F. Supp. 2d at 1182-83. It was

communication with him should be done with simple language, speaking slowly, and one or two-step instructions. Id. at 11. The form also states that Plaintiff should be provided help with reading and writing CDCR paperwork and that he should be "given extra time and coaching to learn/adjust to new tasks and routines." Id. Finally, Plaintiff states in his Amended Complaint that he suffers from "anxiety attacks, post-traumatic stress disorder, memory loss, withdrawal, severe mood swings, depression, stress headaches," and exacerbation of Schizophrenic episodes. ECF No. 13 at 16.

"Prisoners classified as DD1 are equivalent to those with 'mild' mental retardation." Clark, 739 F. Supp. 2d at 1188. "Simply making generalizations about prisoners based on their classifications as DD1, DD2, or DD3 will not account for uneven skill development and anomalies in support needs that exist between prisoners with the same classification." Id. Though mental disability may be grounds for appointment of counsel in some cases, there must be substantial evidence of a plaintiff's incompetence. Thompson, 2018 WL 4357993, at *2; Fletcher v. Quin, No. 15CV2156-GPC (NLS), 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018) (impairment must be "an incapacitating mental disability" and be supported by "substantial evidence of incompetence"). "The court must be able to find a nexus between the mental disorder and the plaintiff's ability to articulate his claims." Fletcher, 2018 WL 840174, at *2; see McElroy v. Cox, Civil No. 08-1221-JM (AJB), 2009 WL 4895360 at *2 (E.D. Cal. Dec. 11, 2009).

Here, Plaintiff has not established that his learning disabilities are incapacitating, that he is incompetent, or that his learning disability or mental impairment significantly impedes his ability to articulate his claims or litigate his case. West v. Dizon, No. 12CV1293-DAD P, 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014) (denying appointment of counsel when mental

---

established to "ensure the identification and appropriate classification, housing, protection, and nondiscrimination of inmates and parolees with developmental disabilities." Hopkins v. Bustos, No. 15CV788-JLS (PCL), 2017 WL 9565357, at *2 (S.D. Cal. Feb. 9, 2017), report and recommendation adopted, No. 15CV788-JLS (PCL), 2017 WL 2644668 (S.D. Cal. June 20, 2017), aff'd, 785 F. App'x 379 (9th Cir. 2019). Inmates are screened for developmental disabilities upon incarceration in California Department of Corrections and Rehabilitation ("CDCR") institutions through a "multi-phase process and clinical judgment" to identify which inmates "fit the criteria for developmental disabilities." Id. at *3

disability was only alleged and Plaintiff submitted no evidence as to the "nature or effects" of the disability).  While Plaintiff submitted a new form classifying him as DDP1, neither the form nor the classification requires the appointment of counsel.  The form states that Plaintiff must be given extra time to complete tasks and must be spoken to slowly and given simple instructions.   If Plaintiff requires additional time to respond to Defendant's motions or to conduct or respond to discovery, Plaintiff may ask defense counsel for additional time or file a motion in court.  Similarly, the fact that Plaintiff relies on assistance from the librarian or another inmate to litigate this case does not justify the appointment of counsel.  See Montano v. Solomon, No. 2:07-CV-0800 KJN P, 2010 WL 4137476, at *7 (E.D. Cal. Oct. 19, 2010) (denying indigent plaintiff's motion for appointment of counsel as failing to present an exceptional circumstance under 28 U.S.C. § 1915(e)(1) where "plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of this case ... as well as the matters now before the court").

Plaintiff's claims about suffering from an array of issues including depression, anxiety, and Schizophrenic episodes also do not warrant the appointment of counsel as they are not supported by any medical records or other evidence and there is no evidence that the alleged issues significantly impact Plaintiff's ability to litigate his case.  Without more specific and current information regarding his mental impairments, the Court cannot find a nexus between Plaintiff's cognitive capability and his alleged inability to articulate his claims.  See Meeks v. Nunez, No. 13CV973-GPC (BGS), 2017 WL 476425, at *3-4 (S.D. Cal. Feb. 6, 2017) (denying appointment of counsel when plaintiff submitted "Inmate Request for Assistance from the Court" asserting a mental impairment of "Schizoaffective Disorder" signed by a forensic psychologist but failed to submit actual medical records, such as a treating physician's notes); McElroy, 2009 WL 4895360, at *3.  Accordingly, the Court finds that Plaintiff has not established "exceptional circumstances" based on his mental status.  Fletcher, 2018 WL 840174, at *2.

Finally, while Plaintiff's Excessive Force claim survived the District Judge's initial screening, it is too early for the Court to determine Plaintiff's likelihood of success on the merits as the case currently is in the pleading stage and discovery has not opened.  Wilborn, 789 F.2d

at 1331; see also Reed v. Paramo, No. 18CV361-JLS (LL), 2020 WL 2767358, at *1 (S.D. Cal. May 28, 2020) (holding that it was too early to determine plaintiff's likelihood of success on the merits as fact discovery had not been completed).  Because Plaintiff failed to establish the requisite "exceptional circumstances," it is not in the interest of justice to appoint counsel at this time.  Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED**.

    **IT IS SO ORDERED.**

Dated:  10/6/2020

Hon. Barbara L. Major
United States Magistrate Judge