UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT ANTHONY TORRES, CDCR #AP-3210,<br><br>Plaintiff,<br><br>v.<br><br>A. JORRIN, et al.,<br><br>Defendants. | Case No.: 20-cv-00891-AJB-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (Doc. No. 13) and**<br><br>**(2) DENYING AS MOOT PLAINTIFF'S MOTION FOR CLARIFICATION (Doc. No. 20)** |

Before the Court is a motion to amend the complaint and motion for clarification filed by Gilbert Anthony Torres, a *pro se* litigant presently incarcerated at Richard J. Donovan Correctional Facility. (Doc. Nos. 13, 20.) As background, on July 9, 2020, after conducting a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), the Court directed service of Plaintiff's initial complaint on the defendants. (Doc. No. 7 at 8–10.) On September 10, 2020, Plaintiff filed a motion to amend the complaint. (Doc. No. 13.) On October 6, 2020, Plaintiff filed a motion for clarification to ascertain whether he is to serve the defendants with his initial complaint or with his requested amended complaint. (Doc. No. 20.) On October 9, 2020, in a notice of document discrepancy, the

1

Court informed Plaintiff that because his motion to amend is pending, the initial complaint remains the operative complaint for service on the defendants. (Doc. No. 19.) The Court also directed the Clerk of Court to mail Plaintiff another copy of the service documents, so he may serve the defendants. (Doc. No. 22.) There being no outstanding issues in Plaintiff's motion for clarification for the Court to address, the Court **DENIES** it as **MOOT**. (Doc. No. 20.) The following will therefore focus on the pending motion to amend.

## I. MOTION TO AMEND

Whether leave to amend a pleading should be granted is governed by Rule 15, which provides that courts should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has instructed that this policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal citations omitted). Despite the policy of liberality, leave to amend is not automatic if sought outside of the time limits set forth in Rule 15(a)(1). In such instances, courts consider the following factors in determining whether to grant leave to amend: (1) whether the party seeking the amendment has acted in bad faith; (2) whether undue delay will result from amendment; (3) whether the opposing party will be unduly prejudiced; and (4) whether amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). Additionally, courts may also consider whether the party seeking leave to amend has previously amended the pleading at issue. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). These factors, however, are not weighed equally. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2013). Instead, the consideration of undue prejudice to the opposing party carries the greatest weight. *Id.* "Absent prejudice, or a strong showing" of the remaining factors, there exists a "presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

In its sua sponte screening order, the Court dismissed Plaintiff's due process claim stemming from the disappearance of certain personal property but found that Plaintiff's excessive force allegations against the defendants were sufficient to survive the low

threshold for sua sponte screening. (Doc. No. 7 at 6–8.) Turning to the motion to amend, Plaintiff seeks to allege additional facts, raise new legal claims, and add new defendants to his suit. (Doc. No. 13 at 1.) As Plaintiff's action is in the early stages of litigation and no substantive activity has occurred in the matter, the Court finds that the amendment would not cause undue delay or prejudice. *See Foman*, 371 U.S. at 182. Nearly all of the originally named defendants have been served with the initial complaint, and none of them have filed an answer. (Doc. Nos. 26, 27, 28 29.)[1] Moreover, Plaintiff has not previously requested to amend his complaint. *See Nunes*, 375 F.3d at 808. Given the absence of a strong showing of prejudice in this case, the Court follows the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052. The Court, however, emphasizes that this ruling makes no determination as to the sufficiency of Plaintiff's new claims, and finds that resolution of any such matters is better suited for determination following briefing by the parties. Thus, the Court will grant Plaintiff's motion to amend.

## II.  CONCLUSION

Upon consideration of the factors traditionally weighed in determining whether leave to amend should be granted, the Court finds that leave to amend is appropriate. Accordingly, the Court:

1. **GRANTS** Plaintiff's motion to amend the complaint (Doc. No. 13);
2. **DENIES AS MOOT** Plaintiff's motion for clarification (Doc. No. 20);
3. **DIRECTS** the Clerk to docket the proposed amended complaint as the First Amended Complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.");

---

[1] The docket does not reflect service of the initial complaint on one of the originally named defendants, Officer Larocoo. However, given Plaintiff's representation that he failed to promptly receive the summons for service upon the defendants, the Court finds good cause to extend the time necessary for Plaintiff to serve Officer Larocoo. Fed. R. Civ. P. 4(m); *Oyama v. Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

4. **DIRECTS** the Clerk to serve a copy of this Order on Ralph Diaz, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001;

5. **DIRECTS** Plaintiff to serve, via U.S. mail, a copy of the First Amended Complaint to the previously named defendants who have filed waivers of summons in this case: Officers Jorrin, Larios, Sanchez, and Morales;

6. **DIRECTS** the Clerk to issue a summons as to Plaintiff's First Amended Complaint (Doc. No. 13) upon newly named defendants: California Department of Corrections and Rehabilitation, Officers Tibayan, Santana, Angon, Mitchell, and Nurse Sanchez, as well previously named defendant, Officer Larocoo (as he has not yet been served), and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of the defendants. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his First Amended Complaint, and the summons so that he may serve the defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, include an address where these defendants may be served, *see* S.D. Cal. Civ. L.R. 4.1.c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

7. **ORDERS** the U.S. Marshal to serve a copy of the First Amended Complaint and summons upon the defendants as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States;

8. **ORDERS** the defendants, <u>once all served</u>, to reply to Plaintiff's First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). To be sure, the previously named defendants who have filed waivers of summons need not file a responsive pleading until the reply period for the newly named defendants lapses.

9. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the defendants, or, if appearance has been entered by counsel, upon the

4

defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Federal Rule of Civil Procedure 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on the defendants or their counsel, and the date of that service. *See* S.D. Cal. Civ. L.R. 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the defendants, may be disregarded.

Dated:  January 5, 2021

Hon. Anthony J. Battaglia
United States District Judge