UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT ANTHONY TORRES, CDCR #AP-3210,<br><br>                                   Plaintiff,<br><br>vs.<br><br>JORRIN, et al.,<br><br>                                   Defendants. | Case No.:  20cv891-AJB(BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION REQUESTING USE OF LIE DETECTOR TEST DURING DEPOSITIONS AND AT TRIAL**<br><br>**[ECF No. 44]** |

Pending before this Court is Plaintiff's motion titled "Motion to Request a Lie Detector Test While Question These Defendants [sic] Polygraph Examination." ECF No. 44. Plaintiff requests that he be able to use a polygraph during his depositions of Defendants and during his examinations of Defendants at trial. Id. at 2. Plaintiff's motion is **DENIED** for several reasons.

Initially, Defendants have not answered Plaintiff's amended complaint, the Court has not opened discovery, and Plaintiff did not serve Defendants with any discovery request before filing his motion. See Docket. Accordingly, Plaintiff's motion is premature. As the Court stated in its Order Denying Plaintiff's Motion Requesting Production of Documents [ECF No. 45], Plaintiff must wait for Defendants to answer the complaint and for the Court to open discovery before he serves any discovery request on Defendants.

Furthermore, Plaintiff has not cited any applicable statute or case law to establish the Court's authority to compel polygraphic examinations. See ECF No. 44. Plaintiff cites California Code of Regulations § 3293(a), which states "Polygraph examinations may be administered by departmental staff to inmates, parolees, and employees in the course of an investigation of official matters, under the following conditions: (1) The examinee has, without coercion, signed a written statement of consent to the examination; (2) The polygraph examiner is an [sic] Office of Correctional Safety staff member; (3) The Assistant Secretary or designee, Office of Correctional Safety, has approved the examination." Cal. Code Regs. tit. 15, § 3293(a).  This regulation applies to administrative policies within the correctional facility and does not apply to civil actions in federal court.  Plaintiff's motion indicates that Plaintiff wants to utilize a "lie detector test" at the same time he is deposing and questioning the witness.  Plaintiff provides no authority for this proposal and the Court is not aware of any.  Moreover, the proposal does not work with the factual requirements of depositions, trial testimony, or polygraph testing.  Finally, while courts in the Ninth Circuit occasionally have allowed parties to submit polygraphic evidence, the courts did so only because all parties agreed to the use of the polygraphic evidence.  United States v. Benavidez–Benavidez, 217 F.3d 720, 723 (9th Cir. 2000) (citing Herman v. Eagle Star Ins. Co., 396 F.2d 427, 427 (9th Cir. 1968)).  Here, Defendants have not agreed to the use of polygraphic evidence.  Without the agreement of all parties, polygraphic evidence is rarely admissible.  See Williams v. Nevada Dep't of Corr., No. 2:13-CV-00941-RFB, 2015 WL 1442242, at *3 (D. Nev. Mar. 30, 2015) (stating that "[t]he Ninth Circuit has long expressed its hostility to the admission of unstipulated polygraph evidence.") (internal citations omitted).

For all these reasons, Plaintiff's motion is **DENIED**.  See, e.g., Johnson v. Ohio Dep't of Rehab. & Corr., No. 13-cv-583, 2014 WL 5782939, at *2 (S.D. Ohio 2014) ("plaintiff has pointed to no persuasive authority for his request to compel a party to undergo a polygraph examination"); Sango v. Johnson, No. 13-cv-12808, 2014 WL 4658320, at *2 (E.D. Mich. 2014), adopted by, 2014 WL 4658385 (E.D. Mich. 2014) ("The Federal Rules of Civil Procedure do not provide for discovery in the form of compelling polygraph examinations of parties or other

individuals, and [Plaintiff] has provided the Court with no other valid basis for ordering one in this case.").

**IT IS SO ORDERED.**

Dated: 2/1/2021

Hon. Barbara L. Major
United States Magistrate Judge